UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>GJERGI JUNCAJ,<br><br>Defendant. | Case No. 2:22-cr-00008-JCM-EJY<br><br>**ORDER** |

    Pending before the Court is the government's Motion to Seal Motion in Limine at ECF No. 38. ECF No. 37. The Motion to Seal explains that the Motion in Limine contains information regarding a witness's criminal history to which he has a legitimate privacy interest.

    The Court recognizes there is a strong public interest in access to public records and court documents. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). There is also a presumption favoring public access to judicial documents as this promotes the accountability and transparency of government agencies. *Id*. Public access to judicial records is "not absolute." *Kamakana v. City and Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). By their nature, certain documents and information fall outside the public's interest in transparency. *Id*. (citing *Times Mirror Co. v. United States*, 872 F.2d 1210, 1219 (9th Cir. 1989) (grand jury transcripts and warrant materials typically remain sealed)). Otherwise, a party moving to seal overcomes the presumption of public access if "compelling reasons" for secrecy outweigh the "public interest in understanding the judicial process." *Kamakana*, 447 F.3d at 1178–79 (internal citations omitted). Typically, there is a "compelling reason" to seal if the challenged document is used for an improper purpose, such as a party's desire to "gratify private spite, promote public scandal, [or] circulate libelous statements." *Nixon*, 435 U.S. at 598.

    Here, the government carries its burden to seal. The government demonstrates that what may be the public's desire for access to a witness's old criminal history information is outweighed by the

nature of the information at issue. Neither the accountability nor transparency of Defendant's prosecution is served by public disclosure.

Accordingly, IT IS HEREBY ORDERED that the Motion to Seal Motion in Limine at ECF No. 38 (ECF No. 37) is GRANTED.

Dated this 9th day of January, 2023.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

2