COREY R. AMUNDSON
Chief, Public Integrity Section
U.S. Department of Justice
JONATHAN E. JACOBSON
Trial Attorney, Public Integrity Section
LAUREN M. CASTALDI
Trial Attorney, Public Integrity Section
1301 New York Ave. NW, 10th Fl.
Washington, DC 20005
Tel: (202) 514-1412
Fax: (202) 514-3003
Jonathan.Jacobson@usdoj.gov
*Attorneys for the United States*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>GJERGI LUKE JUNCAJ,<br><br>  Defendant. | Case No.: 22-CR-008-JCM-EJY<br><br>**GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION IN LIMINE TO EXCLUDE REFERENCE TO JUNCAJ'S CCW PERMIT AND GUN OWNERSHIP** |

The United States hereby responds to the Defendant's Motion in Limine to Exclude Reference to Juncaj's CCW Permit and Gun Ownership. ECF No. 136 (the "Motion" or "Mot."). In the Motion, the Defendant argues that the government should be excluded from introducing evidence of and referencing the Defendant's concealed carry permit ("CCW") and gun ownership because it is irrelevant and prejudicial. For the reasons discussed below, this Defendant's Motion lacks merit and should be denied.

**I.  Background**

The Indictment charged Defendant with four violations of 47 U.S.C. § 223(a)(1)(C), one for each of the four threatening phone calls he made to Nevada Secretary of State

elections worker S.M. on January 7, 2021. ECF No. 2 (Indictment). On each of these calls, the Defendant stated either that S.M. was "going to fucking die" or "going to die." *Id.* at ¶¶ 5-6, 8-9. S.M., who is based in Carson City, immediately contacted an officer with the Nevada Capitol Police, Officer-1. Only minutes after the Defendant's calls to S.M., Officer-1 called the Defendant. Indictment at ¶ 11. Officer-1 informed investigators that shortly after he spoke with the Defendant, he "was concerned because he did not know where the man lived and was unsure of what he might do next"; Officer-1 wondered whether the Defendant "would take any steps to carry out the things he said in the calls." Officer-1 opined that he had "not encountered an angrier person in a threat scenario."

For the first time, on May 3, 2023, Counsel for the Defendant asked the government if it intended to introduce evidence of the Defendant's CCW and gun ownership. The government responded that it could not stipulate that it would do not so and directed Counsel's attention to its proposed Exhibit 7, which establishes the Defendant obtained a CCW. Counsel noticed its intention to oppose this evidence. On May 4, 2023, after meeting and conferring, it became clear the parties would not be able to resolve this issue and the Defendant filed the instant motion.

II. **Argument**

At trial, the government anticipates that the Defendant will argue that his statements to S.M. were not true threats. In making this argument, the government expects the Defendant to maintain that when he told S.M. that S.M. was "going to fucking die" and "going to die," he did not intend those statements to be a serious expression. To rebut this contention, the government intends to introduce evidence that the Defendant had a CCW and possessed a gun.

As noted above, the Defendant is charged with four violations of 47 U.S.C. § 223(a)(1)(C), one for each of the four threatening phone calls he made to Nevada Secretary of State elections worker S.M.  In evaluating whether a statement is a true threat, the Ninth Circuit generally applies both an "objective" and "subjective" test. *See United States v. Bagdasarian*, 652 F.3d 1113, 1122 (9th Cir. 2011).  As relevant here, the "subjective" test asks whether the speaker "subjectively intend[ed] to threaten." *United States v. Keyser*, 704 F.3d 631, 638(9th Cir. 2012).  But the language of the statement is only the starting point of the analysis.  *See Bagdasarian*, 652 F.3d at 1123 ("As with our analysis of the objective test, we do not confine our examination of subjective intent to the defendant's statements alone.").

Contrary to the Defendant's assertions, in a case such as this, where the Government anticipates the Defendant to put his subjective intent to threaten S.M. directly at issue, evidence of his CCW and gun ownership is relevant and admissible. Under Federal Rule of Evidence 401, evidence is relevant, and therefore admissible under Federal Rule of Evidence 402, if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." "Relevance is typically a low bar to the admissibility of evidence, even though other Federal Rules of Evidence may otherwise limit such admissibility." *Jones v. Ford Motor Co.*, 204 Fed. Appx. 280, 283 (4th Cir. 2006); *accord United States v. Miranda-Uriarte*, 649 F.2d 1345, 1354 (9th Cir. 1981) ("The standard of relevance is not strict."). This Court has "wide discretion" in determining whether evidence is relevant. *United States v. Long*, 706 F.2d 1044, 1054 (9th Cir. 1983).

Indeed, Courts have routinely found that evidence of a defendant's gun ownership is relevant evidence of the defendant's requisite specific intent to threaten. *See, e.g., Bagdasarian*, 652 F.3d at 1123 (considering the defendant's possession of a weapon in determining whether statements were true threats); *United States v. Sutcliffe*, 505 F.3d 944, 959 (9th Cir.2007) (concluding that possession of a rifle is evidence of subjective intent to threaten where the threat involved the infliction of harm). In *Sutcliffe*, the defendant argued that he intended the phrase "I am now armed" to convey only that he was "armed with information" and did not intend his statement "I will kill you" to threaten physical violence. *See* 505 F.3d at 959. To rebut this argument, the government introduced evidence that the defendant possessed a rifle to demonstrate that his statements were not innocent but were made with the intent to threaten violence. *Id.* The Ninth Circuit concluded that evidence that the defendant possessed a rifle "tended to prove that Defendant had the requisite specific intent to threaten" and the District Court did not abuse its discretion in allowing the government to present this evidence. *Id.* Similarly, in this case, the Government anticipates the Defendant's subjective intent to be directly at issue and his CCW and gun possession tends to prove that he intended to threaten S.M.

The Defendant's argument that his CCW and gun possession are irrelevant because his statements "do not contain any reference to a gun or reference a shooting" ignores the appropriate analysis. ECF No. 136 at 3. The Defendant's concealed carry permit and gun ownership are two pieces of highly relevant evidence that provide the jury with necessary context of the Defendant's statements involving the infliction of death and his subjective intent in making those statements. *See Bagdasarian*, 652 F.3d at 1123 (noting that while the defendant's gun possession was not determinative of the defendant's intent. . . [it was] just one among many pieces of evidence relevant to the language and context of the threats"

4

that was appropriately considered in determining whether a defendant had the specific intent to threaten."). Surely, the possession of a CCW and a gun go directly to the Defendant's actual ability to cause S.M.'s death, and therefore his subjective intent, when he told S.M. that S.M. was "going to fucking die" or "going to die."

The Defendant's conclusory statements that such evidence is prejudicial and should be excluded is also meritless. Relevant evidence may be excluded under Rule 403 only if its probative value is "substantially outweighed" by the danger of unfair prejudice. *See* Fed. R. Evid. 403. Unfair prejudice "does not simply mean damage to the opponent's cause. If it did, most relevant evidence would be deemed [unfairly] prejudicial." *United States v. Starnes*, 583 F.3d 196, 215 (3d Cir. 2009). "Unfair prejudice is an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *United States v. Haischer*, 780 F.3d 1277, 1281 (9th Cir. 2015) (quoting *Anderson*, 741 F.3d at 950)). While the Defendant makes conclusory statements that this evidence would "inflame the jury's emotions," the fact that the Defendant possessed a CCW and a gun is no more inflammatory than the threats the Defendant made to S.M. in this case. Whether evidence will "inflame the jury's emotions" is not controlling under a Rule 403 analysis. *United States v. Cox*, 963 F.3d 915, 925 (9th Cir. 2020), *cert. denied*, 141 S. Ct. 1281 (2021; *see also United States v. Jayavarman*, 871 F.3d 1050, 1064 (9th Cir. 2017) (noting that its Rule 403 prejudice analysis was done "in the context of the other evidence adduced at trial"). Furthermore, to the extent there is any concern that the jury may use this evidence for an improper purpose, this concern can be mitigated with a limiting instruction to the jury. *United States v. Fernandez*, 388 F.3d 1199, 91243 (9th Cir. 2004) (reiterating that a limiting instruction to a jury can "reduce or eliminate any possibility of prejudice").

**CONCLUSION**

For the reasons discussed herein, evidence and references to the Defendant's concealed carry permit and gun possession are admissible. The Defendant's Motion should be denied.

DATED: May 5, 2023

                                       COREY R. AMUNDSON
                                       Chief, Public Integrity Section
                                       U.S. Department of Justice

                                       <u>/s/ Jonathan E. Jacobson</u>
                                       Jonathan E. Jacobson
                                       Trial Attorney
                                       Public Integrity Section
                                       U.S. Department of Justice

                                       <u>/s/ Lauren M. Castaldi</u>
                                       Lauren M. Castaldi
                                       Trial Attorney
                                       Public Integrity Section
                                       U.S. Department of Justice

**Certificate of Service**

I, Jonathan E. Jacobson, hereby certify that I am an employee of the United States Department of Justice's Public Integrity Section and that on this day I served an electronic copy of the above **Response** on Counsel of Record via Electronic Case Filing (ECF).

Dated: May 5, 2023

/s/ Jonathan E. Jacobson
Jonathan E. Jacobson
Trial Attorney