UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>GJERGI JUNCAJ,<br><br>Defendant. | Case No. 2:22-cr-00008-JCM-EJY<br><br>**ORDER** |

Before the Court is the government's Motion to Compel Reciprocal Discovery (the "Motion"). ECF No. 99. The Court reviewed the government's Motion, Defendant's response (ECF No. 115), and the government's reply (ECF No. 140). Because the Court granted a Motion in Limine regarding excluding the opinions of Dr. Erik Messamore and Mr. Leon Mare on timeliness grounds, the issues raised in the government's motion regarding expert discovery are moot. *See* ECF No. 149 at 5.

**I.   BACKGROUND**

On January 19, 2022, the government indicted Defendant on four counts of 47 U.S.C. § 223(a)(1)(C). ECF No. 2 at 5-7. The allegations state that on January 7, 2021, during less than a twenty minute time frame, Defendant made four phone calls to the Nevada Secretary of State's Elections Division during which he threatened an employee who answered those calls. *Id.* at 3-4. This case is currently set for trial on May 8, 2023 at 9:00 a.m. ECF No. 130.

**II.   PARTIES' PLEADINGS**

  A.   The Government's Motion to Compel Reciprocal Discovery.

In its Motion, the government requests that Defendant produce all undisclosed material covered by the reciprocal discovery requirements of Federal Rule of Criminal Procedure 16(b)(1). ECF No. 99 at 1. The government states the requirements of this Rule encompass any material that Defendant intends to use during cross-examination of the government's witnesses to support Defendant's case-in-chief. *Id.* As an alternative, the government requests the Court mandate

1   Defendant to describe, on an *ex parte* basis if necessary, the materials in Defendant's possession that
2   Defendant intends to use at trial but so far has not disclosed to the government.  *Id.*

3   The government asserts that, following prior requests from Defendant, it provided thousands
4   of pages of material in discovery.  *Id.* at 2.  Yet despite Defendant's obligations under Rule 16 and
5   the government's request on January 5, 2023 for the required materials, the government says
6   Defendant has not turned over a single document in reciprocal discovery.  *Id.* at 2-3.  The government
7   reiterates its position that Defendant cannot avoid his discovery obligations by presenting the
8   materials for impeachment purposes when in reality the material is part of Defendant's case-in-chief.
9   *Id.*  The government argues Defendant cannot avoid his obligations under Rule 16 by asserting that
10  the material to be presented at trial is already in the government's possession.  *Id.*

11  The government says it is Defendant's position that he does not have to provide reciprocal
12  discovery materials to the government because Defendant does not know which witnesses the
13  government will call at trial.  *Id.* at 6.  The government contends Defendant is wrong as the
14  government is under no obligation to turnover a witness list to Defendant.  *Id.*  The government also
15  reminds the Court that Defendant cannot exempt himself from the requirements of Rule 16 on the
16  grounds of the privilege against self-incrimination.  *Id.* at 8.

17    B. <u>Defendant's Response</u>.

18  Defendant avers that the government did not comply with United States District Court for
19  the District of Nevada Local Rule 12-2 and Local Rule IA 1-3(f) prior to filing its Motion.  ECF No.
20  115 at 2. Defendant notes that the failure of the government to produce a witness list has impacted
21  Defendant's trial strategy and his own witness list, as the potential witnesses he may call depend on
22  what witnesses the government chooses to present.  *Id.* at 5.  Even after a request for the government
23  to provide a list of witnesses the government knew it would call, Defendant states no such
24  information has been produced.  *Id.* at 5-6.

25  Defendant contends he has provided the government with all the reciprocal discovery he has,
26  which consists of two news articles and a printout of the Nevada Secretary of State's website.  *Id.* at
27  7, fn. 4. Defendant opines that the government is using the instant Motion as a fishing expedition to
28  unearth Defendant's trial strategy, which is an inappropriate litigation tactic.  *Id.* at 7.  Defendant

reiterates his contention that the government has not acted in the spirit of cooperation concerning the discovery issue, that the expert disclosures have now been made to the government (thus mooting the issue), and that he reserves the right to use any of the material which the government has disclosed. *Id.* at 8.

   C.  <u>The Government's Reply</u>.

  The government says that at the April 14 meeting with defense counsel, there was a disagreement over whether certain information in the possession of Defendant was intended to bolster Defendant's case-in-chief rendering it discoverable or whether it was intended for impeachment of the government's witnesses, which would mean the material does not have to be turned over under Rule 16. *Id.* at 2. The government cites with skepticism Defendant's submission of a list composed of eight witnesses (ECF No. 121) and three internet sources as his entire production of discovery. *Id.* The government speculates these witnesses will testify about and rely on material that has not yet been produced. *Id.* at 2-3.

**III. DISCUSSION**

   A.  <u>Defendant Must Comply with Federal Rule of Criminal Procedure 16 to the Extent He has not Done So</u>.

  The government moves to compel reciprocal discovery under the provisions of Fed. R. Crim. P. 16(b)(1). Rule 16(b)(1)(A) states:

> If a defendant requests disclosure under Rule 16(a)(1)(E) and the government complies, then the defendant must permit the government upon request, to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of these items if: (i) the item is within the defendant's possession, custody, or control; and (ii) the defendant intends to use the item in the defendant's case-in-chief at trial.

"[T]he term or phrase 'defendant's case-in-chief at trial' as stated in Rule 16(b)(1) applies to evidence that a defendant intends to present during the examination of the government's witnesses to support his or her defense, as well as to evidence that the defendant intends to present at trial after the government rests its case. Rule 16(b)(1) does not, however, require a defendant to disclose evidence that defendant intends to use only for purposes of impeachment." *United States v. Palafox*,

Case No. 2:16-cr-00265-GMN-CWH, 2018 WL 10016686, at *2 (D. Nev. Dec. 12, 2018), *citing United States v. Larkin*, Case No. 2:12-CR-319-JCM-GWF, 2015 WL 4415506, at *5 (D. Nev. July 20, 2015).

> Rule 16(b)(1)(B) states:
>
> If a defendant requests disclosure under Rule 16(a)(1)(F) and the government complies, the defendant must permit the government, upon request, to inspect and to copy or photograph the results or reports of any physical or mental examination and of any scientific test or experiment if: (i) the item is within the defendant's possession, custody, or control; and (ii) the defendant intends to use the item in the defendant's case-in-chief at trial, or intends to call the witness who prepared the report and the report relates to the witness's testimony.

"If a party fails to comply with" his/her obligations established by Rule 16, "the court may (A) order the party to permit the discovery or inspection …, (B) grant a continuance; (C) prohibit the party from introducing the undisclosed evidence; or (D) enter any other order that is just under the circumstances." Fed. R. Crim P. 16(d)(2).

In this case, there is no dispute that Defendant requested and was provided significant discovery from the government. ECF No. 99 at 2, ECF No. 115 at 5, n. 2. As a result, Defendant's has reciprocal duties under Rule 16(b)(1). The Court notes that on May 3, 2023, the government produced a list of witnesses it intends to call at trial. ECF No. 125. This renders moot any argument by Defendant that his obligations under Rule 16(b)(1) were somehow obviated by lack of access to a witness list.

**IV.     ORDER**

IT IS HEREBY ORDERED that the government's Motion to Compel Reciprocal Discovery (ECF No. 99) is GRANTED.

IT IS FURTHER ORDERED that under Rule 16(b)(1) of the Federal Rules of Criminal Procedure and to the extent he has not already done so, Defendant is ordered to disclose to the government the items of evidence that Defendant intends to use in his case-in-chief at trial, which includes items of evidence that Defendant intends to use to support his defense during his

examination of the government's witnesses, as well as evidence Defendant intends to present after the government rests its case. However, Defendant is not required to disclose evidence that he intends to use only for impeachment purposes.

Dated this 8th day of May, 2023.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE